### 45160. WOODWORTH v. DeJULIUS.

PANNELL, Judge. Daniel W. DeJulius brought a complaint against Donald D. Woodworth in the Civil Court of Fulton County, seeking recovery of damages for an alleged breach of warranty given by the defendant when the complainant purchased from the defendant a Mercedes-Benz automobile. The warranty is as follows: "I hereby warrant my 1963 300 SL Mercedes Roadster (Serial Number 300 SL 003105) to be free from all major mechanical defects for thirty (30) days from the date of this letter. This warranty shall not apply to the aforementioned vehicle if it has been subject to misuse, negligence, alteration, or accident; nor shall it apply if the vehicle has been serviced outside of an authorized

Mercedes-Benz dealer." Within the period of the warranty, while the complainant was driving the purchased automobile, it threw a connecting rod which pierced the wall of the engine block and caused other damages which cost $1,388.84 to repair, together with $87 towing charges. The trial judge before whom the case was submitted without the intervention of a jury found in favor of the plaintiff and awarded damages in the sum of $1,475.84. The defendant appealed, enumerating error on the failure of the court "to direct a verdict" in his favor and enumerating error on entering the judgment in favor of the complainant. *Held:*

1. The evidence was sufficient to authorize a finding by the court sitting as the trior of facts that a major or mechanical defect appeared in the automobile within the time limits of the warranty which was not caused by misuse, negligence, alteration or accident, although the evidence may have authorized a finding to the contrary.

2. A statement of the complainant, in answer to interrogatories propounded to him by the defendant, that the "water, oil, battery and lubrication were checked" at a service station and that *"no service [was] needed"* is not evidence showing that "the vehicle has been serviced outside of an authorized Mercedes-Benz dealer"; on the contrary, it is evidence that it has not been so serviced, and this evidence does not disclose a violation of the conditions of the warranty.

Accordingly, the trial judge did not err in refusing to "direct a verdict" for the defendant, motion for which was based upon the contention that the evidence disclosed a violation of this condition, of the warranty, or in entering judgment for the claimant.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED MARCH 3, 1970—DECIDED APRIL 20, 1970.

*Roland P. Smith,* for appellant.

*Lipshutz, Macey, Zusmann & Sikes, Charles C. Pritchard,* for appellee.